UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA DEL PILAR POSE BEIRO,

                          Plaintiff,

          -against-

CFA INSTITUTE,

                          Defendant.

19-CV-9189 (CM)

ORDER TO SHOW CAUSE

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff Maria Del Pilar Pose Beiro, appearing *pro se*, brings this action under the Court's diversity jurisdiction, asserting state law claims. By order dated October 28, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, Plaintiff is directed to show cause why this matter should not be transferred to the United States District Court for the Western District of Virginia.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, a citizen of Spain, filed this complaint against the CFA Institute in New York City.[1] The complaint contains the following allegations. In 2016, Plaintiff enrolled in a CFA Program and signed a CFA Candidate Agreement. On June 3, 2017, Plaintiff took the examination for the CFA Level 2 but learned on August 4, 2017, that she had failed it. Plaintiff

---

[1] Plaintiff does not explain what the CFA Institute is, but an internet search reveals that it is a non-profit membership organization for investment professionals, with offices in New York, Virginia, and Washington, D.C. *See also CFA Institute v. Andre*, 74 F. Supp. 3d 462 (D.D.C. 2014) (explaining CFA's function).

complained to customer service about a variety of issues. In response, the CFA Institute "engaged in tort[i]ous acts against [her] to make [her] feel intimidated." (ECF 1:19-CV-9189, 2.)

A client service representative named Mr. Kaiser asked Plaintiff how she wanted to resolve the matter. He rejected her request for "an exam fee refund," but he verbally agreed to "regrade [her] exam to a pass if [she] stopped complaining." But CFA Institute Legal Counsel Geoff MacDonald denied that Mr. Kaiser had ever agreed to change Plaintiff's grade. Investigators from CFA's Professional Conduct Department purportedly looked into the matter, but Plaintiff "found that this investigation was an excuse to use it against [her] and again, to damage [her] reputation, [her] morals and cause [her] psychologically damages [sic] to intimidate [her.]" That investigation was closed on January 11, 2018, "without charges. However, the investigators issued a cautionary letter, which means that CFA Institute can reopen the investigation and suspend [her] from the CFA Institute."

Plaintiff filed a case in "in the UK," where she lived at the time, but the matter was "struck out because the CFA Institute is not governed by UK laws." She also filed a complaint in small claims court in Charlottesville, Virginia. Before a hearing in that case, CFA's Legal Counsel, Lisa Sharp, sent Plaintiff a written settlement agreement. Plaintiff asked Sharp to meet with her to "clarify some points, [es]pecially the one about the retabulation," of her grade, but Sharp refused to meet with Plaintiff. Plaintiff signed the contract, "being confident that CFA Institute would comply with" it. Plaintiff does not discuss the specific terms of the settlement agreement or attach a copy of it.

Plaintiff seeks $80,000 in compensatory damages, alleging that Defendant should reimburse her for the $4,000 in travel expenses she incurred to attend the small claims court proceeding, and compensate her for potential lost wages of $70,000 and a 10% bonus, because

Defendant damaged her reputation and credibility "within the London financial services." She also seeks $160,000 in punitive damages.

### A. Prior Litigation

Plaintiff previously filed three actions against the CFA Institute — arising out of these same events — in the United States District Court for the Western District of Virginia. *See Beiro v. Sharp*, No. 18-CV-55 (W.D. Va. filed July 18, 2018) (*Beiro I*); *Beiro v. CFA Institute*, No. 18-CV-69 (W.D. Va. filed Aug. 20, 2018) (*Beiro II*); and *Beiro v. CFA Institute*, No. 18-CV-00088 (W.D. Va. filed Sept. 25, 2018) (*Beiro III*). Plaintiff does not discuss this prior litigation in her complaint.

In *Beiro I*, Plaintiff filed a complaint under the court's federal question jurisdiction, 28 U.S.C. § 1331, asserting a breach of contract claim under Virginia law. The court dismissed the complaint for lack of subject matter jurisdiction, because Plaintiff did not allege facts suggesting she either asserted a federal cause of action or met the threshold amount in controversy for purposes of diversity jurisdiction, 28 U.S.C. § 1332. *Beiro I*, No. 18-CV-55, 2018 WL 3521183, at *1 (W.D. Va. July 20, 2018).

In *Beiro II*, Plaintiff asserted a breach of contract claim under the court's diversity jurisdiction seeking to have her examination retabulated or regraded. The court dismissed the complaint for lack of subject matter jurisdiction because Plaintiff had failed to "assert that the value of the object sought exceeds $75,000, much less offer any factual allegations to support such assertion." *Beiro II*, No. 18-CV-69, 2018 WL 4016313, at *1 (W.D. Va. Aug. 22, 2018).

In *Beiro III*, Plaintiff filed a complaint that is substantially similar to the complaint before this Court. The defendants in *Beiro III* moved to dismiss that action on the following grounds: (1) under Virginia law, Plaintiff's claim for breach of an alleged oral agreement was barred by

the written settlement agreement;[2] (2) the facts alleged did not suggest that the defendants had breached the written settlement agreement; and (3) the complaint failed to state a claim of "willful tort," arising out of allegations of a conspiracy, because of the intracorporate immunity doctrine. *Beiro III*, No. 18-CV-88, 2018 WL 4016313, at *1 (W.D. Va. Aug. 22, 2018)

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). For venue purposes, a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ." 28 U.S.C. § 1391(c)(2).

Plaintiff filed this complaint against CFA Institute in New York, suggesting that venue is proper here. But Plaintiff does not allege where a substantial part of the events or omissions giving rise to her claims occurred or where defendants are located.

---

[2] As in the complaint before this Court, Plaintiff in her *Beiro III* complaint referred to the written settlement agreement, but did not provide a copy of it. In support of their motion to dismiss, the defendants in *Beiro III*, under Federal Rule of Civil Procedure 10(c), asked the court to consider the terms of the settlement agreement. According to the dismissal order in *Beiro III*, under that agreement, Plaintiff accepted a $750 settlement, and agreed to "release any claim" against defendant "arising from [her] participation in the CFA Program or the provision of customer service." *Id.* The terms of the settlement agreement are not before this Court, but the Court may take judicial notice of the existence of other litigation and related filings. *See Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

Even where venue is proper, however, the Court may transfer an action to any other district where it might have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "[A]s the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' makes a transfer appropriate." *Reese v. CNH America, LLC*, 574 F.3d 315, 320 (6th Cir. 2009). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426–427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003)); *see also Lead Indus. Ass'n. Inc. v. OSHA*., 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459–60 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

In light of the prior litigation, transfer would seem to be appropriate in this case under § 1404(a).[3] Notwithstanding any new jurisdictional arguments, this is essentially the same lawsuit as *Beiro III*, and the Court is inclined to transfer this action to the United States District Court for the Western District of Virginia under 28 U.S.C. § 1404. In light of Plaintiff's *pro se* status, the Court grants Plaintiff an opportunity to show cause why this matter should not be transferred to the United States District Court for the Western District of Virginia.

## LITIGATION HISTORY AND WARNING

The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010); *Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009).

In this complaint, Plaintiff discusses the Virginia state court action, but fails to mention the three prior cases she litigated in federal court in Virginia. This omission suggests that Plaintiff was attempting to either forum-shop, or to pursue related or duplicative litigation in different courts in pursuit of a different result. In light of Plaintiff's litigation history, specifically

---

[3] Under the first-filed rule, where "there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *AEP Energy Svc. Gas Holding Co. v. Bank of Am.*, 626 F.3d 699, 722 (2d Cir. 2010) (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)). Deference to the first filing prevents courts from being "called upon to duplicate each other's work in cases involving the same issues and the same parties." *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197,1203 (2d Cir. 1970). The first-filed rule also seeks to "achieve comprehensive disposition of litigation among parties over related issues, and to eliminate the risk of inconsistent judgments." *Regions Bank v. Wieder & Mastroianni, PC*, 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001).

her prior lawsuits in *Beiro I, Beiro II, and Beiro III,* in which a district court dismissed essentially the same claims, the Court finds that Plaintiff was or should have been aware that this action was not meritorious when she filed it.

The Court may impose a filing injunction or other sanction, under 28 U.S.C. § 1651, against a litigant who knowingly pursues litigation that is either duplicative, malicious, or fails to state a claim. Plaintiff is warned that further nonmeritorious litigation in this Court could result in an order barring her from filing new actions IFP without prior permission.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff is ordered to show cause why this matter should not be transferred to the United States District Court for the Western District of Virginia. Plaintiff must submit a declaration to this Court's Pro Se Intake Unit within sixty days of the date of this order, and label the document with docket number 19-CV-9189 (CM). No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be transferred to the United States District Court for the Western District of Virginia. Should Plaintiff not wish to relitigate this matter in that court, she may move to voluntarily withdraw this action under Federal Rule of Civil Procedure 41(a).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 12, 2019
       New York, New York

                                                    _____
                                                    COLLEEN McMAHON
                                                    Chief United States District Judge